DISABILITY RIGHTS ADVOCATES
LAURENCE PARADIS (CA. BAR NO. 122336)
lparadis@dralegal.org
STUART SEABORN (CA. BAR NO. 198590)
sseaborn@dralegal.org
MICHAEL NUNEZ (CA. BAR NO. 280535)
mnunez@dralegal.org
HABEN GIRMA (CA. BAR NO. 293667)
habengirma@dralegal.org
2001 Center Street, Fourth Floor
Berkeley, California  94704-1204
Telephone:   (510) 665-8644
Facsimile:    (510) 665-8511
TTY:           (510) 665-8716

LABARRE LAW OFFICES
SCOTT LABARRE
Pro hac vice pending
slabarre@labarrelaw.com
1660 South Albion Street, Suite 918
Denver, Colorado 80222
Telephone:   (303)504-5979
Facsimile:    (303)758-6150

(Additional attorneys listed on the next page)

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, RICK BOGGS, GERALDINE CROOM, ROCHELLE HOUSTON, and TINA THOMAS, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>RIDECHARGE, INC., ADMINISTRATIVE SERVICES COOPERATIVE, INC., LA TAXI COOPERATIVE, INC., and SOUTH BAY YELLOW CAB COOPERATIVE, INC.,<br><br>　　　　　　Defendants. | Case No. 2:14-cv-2490<br><br>**COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181. *et seq.,* THE CALIFORNIA UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.,* AND CALIFORNIA DISABLED PERSONS ACT, CALIFORNIA CIVIL CODE §§ 54-54.3**<br><br>**CLASS ACTION** |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  TRE LEGAL PRACTICE, LLC
   TIMOTHY ELDER (CA. BAR NO. 277152)
2  telder@trelegal.com
   4226 Castanos Street
3  Fremont, California 94536
   Telephone:   (410) 415-3493
4  Facsimile:    (888) 718-0617

5  LAW OFFICES OF ANTHONY GOLDSMITH
   ANTHONY GOLDSMITH (CA. BAR NO. 125621)
6  Local counsel
   aegoldlaw@aol.com
7  18321 Ventura Boulevard, Suite 900
   Tarzana, California 91356
8  Telephone:   (818) 343-1370
   Facsimile:    (818) 343-1339
9

10 Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

# **INTRODUCTION**

Plaintiffs complain of Defendants and allege herein as follows:

1.      This class action seeks to put an end to systemic civil rights violations committed by RideCharge, Inc. ("RideCharge"), Administrative Services Cooperative, Inc. ("ASC"), LA Taxi Cooperative, Inc. ("LA Taxi"), and South Bay Yellow Cab Cooperative, Inc. ("SBC") (together "Defendants") against blind persons who use taxis in Southern California.

2.      Together, Defendants provide sighted taxicab riders throughout Southern California with self-service point-of-sale terminals ("self-service terminals") that are inaccessible to blind riders. The self-service terminals utilize an entirely visual, touchscreen interface mounted on the back of the front passenger or driver seat that allows sighted taxicab riders to privately and independently review trip and fare information and privately pay fares and determine tip amounts without interacting with the driver.  The terminals' exclusively visual interface lacks accessibility features for blind riders, such as tactile controls and text-to-speech output.  As a result, blind riders are unable to use Defendants' self-service terminals at all.

3.      When blind riders in taxicabs with Defendants' self-service terminals need to pay for their rides using credit cards, they must ask taxi drivers to orally describe trip and fair information without having any independent way to verify such information.  Blind riders are also placed in the uncomfortable and coercive position of having to orally tell taxi drivers how much or what percentage tip to offer with no independent method of verifying the tip amounts that drivers actually enter.  Additionally, because Defendants' self-service terminals are located in the backseat, drivers must park in a location where they can get out of the vehicles and enter the backseat to operate the self-service terminals for blind riders.  This creates an awkward scenario where the passenger and driver are sharing the back seat.  In addition, due to parking constraints, blind riders sometimes face delays or

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

are dropped off multiple blocks from their destinations, adding complexity and potential safety hazards to the riders' commutes.

4.       Taxicabs are a critical transportation option for many blind travelers in Southern California.  Many blind people travel independently using guide dogs or canes. However, due to distances between destinations and the limitations of public transportation and paratransit in the area, many blind persons must use taxicabs to travel from one place to another. The fact that the self-service terminals are inaccessible denies blind persons in Southern California full and equal access to this critical mode of transportation.

5.       Due to recent advances in automation and self-service shopping technology, automated payment systems, such as Defendants' self-service terminals, have become an increasingly prominent part of the way people purchase goods and services.  Such systems are now available in taxicabs in major cities throughout the Country and are rapidly becoming the primary method taxicab operators use to conduct transactions and interact with customers.

6.       Other taxi payment system operators, including those who provide self-service terminals for large fleets in New York City, Boston, and other large cities provide terminals with accessibility features that allow blind riders to independently operate backseat payment systems without relying on the driver or a sighted companion.  These terminals utilize "text-to-speech" technology that translates the text displayed on a screen into audible, synthesized speech and provide tactile controls that allow blind riders to make selections, including selections involving payment and tip amounts, independently.  This technology is also widely available in ATMs, ticketing kiosks, mobile smart phones, and personal computers.

7.       Despite readily available technology that can make self-service terminals independently operable by blind persons, Defendants have chosen to rely on an exclusively visual interface.  By failing to make the services offered by the self-

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  service terminals in ASC, SBC and LA Taxi taxicabs in Southern California
2  accessible to blind persons, Defendants are violating basic equal access
3  requirements under both state and federal law.

4  8.  Congress provided a clear and national mandate for the elimination of
5  discrimination against individuals with disabilities when it enacted the Americans
6  with Disabilities Act. Such discrimination includes barriers to full integration,
7  independent living, and equal opportunity for persons with disabilities, including
8  those barriers created by inaccessible self-service terminals in places of public
9  accommodation, such as taxicabs. Similarly, California state law requires full and
10  equal access to all business establishments and places where the public is invited.

11  9.  Plaintiffs, consisting of several blind individuals and the National Federation
12  of the Blind, attempted to resolve this matter without a lawsuit, but were unable to
13  obtain a commitment by Defendants to remedy these barriers to full and equal
14  access.

15  10.  Plaintiffs use the terms "blind person" or "blind people" and "the blind" to
16  refer to all persons with visual impairments who meet the legal definition of
17  blindness in that they have central visual acuity no greater than 20/200 in the better
18  eye, with corrected lenses, as measured by the Snellen test, or visual acuity greater
19  than 20/200, but with a limitation in the field of vision such that the widest
20  diameter of the visual field subtends an angle not greater than 20 degrees. Some
21  blind people who meet this definition have limited vision. Others have no vision.

22

23  **JURISDICTION**

24  11.  This Court has subject matter jurisdiction of this action pursuant to 28
25  U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiffs' claims arising under the
26  Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq.

27  12.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over
28  Plaintiffs' pendent claims under the California Unruh Civil Rights Act (California

---

1   Civil Code §§ 51, et seq.), and the Disabled Persons Act (California Civil Code §§

2   54-54.3).

3                                          **VENUE**

4   13.    Venue is proper in the Central District pursuant to 28 U.S.C. §§ 1391(b)-(c)

5   and 1441(a).

6   14.    Defendants ASC, LA Taxi, and SBC are registered to do business in

7   California. Defendants ASC, LA Taxi, SBC, and RideCharge have been doing

8   business in California, including the Central District of California.  ASC owns

9   and/or operates several taxicab fleets in Southern California, doing business under

10  the names LA Yellow Cab, Fiesta Taxi, Long Beach Yellow Cab, South Bay

11  Yellow Cab, and United Checker Cab.  ASC owns and/or operates approximately

12  1,200 taxicabs in the Central District.  LA Taxi owns, leases, maintains, and/or

13  operates approximately 760 taxicabs in the Central District.  SBC owns, leases,

14  maintains, and/or operates approximately 180 taxicabs in the Central District.

15  RideCharge owns, leases, maintains, and/or operates self-service terminals located

16  in at least 1600 taxicabs throughout California, most of which are in the Central

17  District.  Defendants are subject to personal jurisdiction in this District.

18  Defendants have been and are committing the acts alleged herein in the Central

19  District of California, have been and are violating the rights of consumers in the

20  Central District of California, and have been and are causing injury to consumers

21  in the Central District of California. A substantial part of the acts and omissions

22  giving rise to Plaintiffs' claims have occurred in the Central District of California.

23  15.    Members of the class include many residents of California, including

24  individuals who reside in the Central District.  All of the individual, named

25  Plaintiffs experienced injury in this District as a result of Defendants' inaccessible,

26  touch-screen self-service terminals in taxicabs owned, operated or leased by

27  Defendants.  Additionally, the National Federation of the Blind has members and

28  chapters in the Central District.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1

## PARTIES

2   16.    The National Federation of the Blind ("NFB"), the oldest and largest

3   national membership organization of blind persons, is a non-profit corporation duly

4   organized under the laws of the District of Columbia with its principal place of

5   business in Baltimore, Maryland. It has affiliates in all 50 states, Washington,

6   D.C., and Puerto Rico. The vast majority of its approximately 50,000 members are

7   blind persons who are recognized as a protected class under federal and state laws.

8   The NFB is widely recognized by the public, Congress, executive agencies of

9   government, and the courts as a collective and representative voice on behalf of

10  blind Americans and their families. The purpose of the NFB is to promote the

11  general welfare of the blind by (1) assisting the blind in their efforts to integrate

12  themselves into society on terms of equality and (2) removing barriers and

13  changing social attitudes, stereotypes, and mistaken beliefs that sighted and blind

14  persons hold concerning the limitations created by blindness and that result in the

15  denial of opportunity to blind persons in virtually every sphere of life. The NFB

16  and many of its members have long been actively involved in promoting accessible

17  technology for the blind, so that blind persons can live and work independently in

18  today's technology-dependent world. NFB members reside throughout the United

19  States, including California. Many NFB members have encountered and will

20  continue to encounter barriers due to the inaccessible RideCharge self-service

21  terminals at issue.  The NFB sues on behalf of its members throughout the United

22  States and the proposed class, as well as in furtherance of its extensive efforts and

23  expenditure of resources in promoting two of its principal missions: independence

24  of the blind and equal access to technology for the blind.  Defendants'

25  discriminatory use of inaccessible self-service terminals frustrates these missions

26  of the NFB and results in the diversion of its resources to address Defendants'

27  discriminatory practices.

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704–1204
(510) 665-8644

17.     Plaintiff Boggs is blind, a member of NFB, and a resident of Northridge, California. Mr. Boggs works as an audio engineer and travels about three times per week by taxicab for work. He regularly encounters Defendants' inaccessible terminals.  Mr. Boggs attempted to use a taxicab from LA Yellow Cab in Northridge, California, on or about December 29, 2013.  Because the inaccessible self-service terminal did not offer a non-visual means of operation, Mr. Boggs was unable to read ride information, select a tip, and pay for the trip independently and privately.  When it came time for Mr. Boggs to pay for his ride, the driver was reluctant to assist Mr. Boggs with the self-service terminal.  Mr. Boggs had to get out of the car and call the taxi company from his office.  He experienced a delay of approximately thirty minutes attempting to pay for his ride.  Mr. Boggs often experiences delays attempting to pay by credit card in taxicabs with Defendants' self-service terminals.

18.     Plaintiff Thomas is blind, a member of NFB, and a resident of Los Angeles, California.  Ms. Thomas uses taxicabs frequently and has encountered inaccessible RideCharge self-service terminals on multiple occasions, including on a trip in an LA Yellow Cab in Los Angeles on or about October 10, 2013, on a trip in a United Checker Cab from Los Angeles to Hawthorne on or about November 26, 2013, and on a trip in a Long Beach Yellow Cab from Long Beach to Los Angeles on or about December 1, 2013.  On each of those occasions, because the inaccessible touch-screen RideCharge self-service terminal did not offer a non-visual means of operation, Ms. Thomas was unable to read ride information, select a tip, and pay for the trip independently and privately.  She had to rely on the driver to provide trip and fare information and enter the tip amounts with no independent way of verifying that information.  Also, on each of those occasions, Ms. Thomas was delayed while the driver found a place to park, entered the backseat of the vehicle, and attempted to figure out how to use the touchscreen on her behalf.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

19.     Plaintiff Houston is blind, a member of NFB, and a resident of Los Angeles, California.  Ms. Houston regularly encounters Defendants' inaccessible self-service terminals.  Ms. Houston attempted to use a taxicab from South Bay Yellow Cab on or about October 2, 2013, when traveling from Torrance to Los Angeles, California.  However, because the inaccessible self-service terminal in the taxicab did not offer a non-visual means of operation, Ms. Houston was unable to read ride information, select a tip, and pay for the trip independently and privately.  She had to seek the assistance of the driver to use the self-service terminal.  Ms. Houston also encountered the above barriers in a Fiesta Taxi cab on or about November 19, 2013, when traveling in Norwalk, California, and again had to rely on the driver for trip and fare information and to enter her tip amount, without any independent method of verifying the information or the tip amount entered by the driver.  On one occasion when Ms. Houston attempted to use the inaccessible self-service terminal to pay for her ride, the driver was unable to locate parking near her destination and ended up dropping Ms. Houston off a few blocks from her destination at a location where he could park the vehicle, get out of the car, and enter the backseat to input her payment and tip information.  Ms. Houston then had to seek the assistance of the driver to walk her to her destination safely.

20.     Plaintiff Croom is blind, a member of NFB, and a resident of Los Angeles, California.  She regularly encounters Defendants' inaccessible self-service terminals while traveling.  Ms. Croom attempted to use a taxicab from LA Yellow Cab on or about September 23, 2013, when traveling in Los Angeles, California. However, because the inaccessible self-service terminal did not offer a non-visual means of operation, Ms. Croom was unable to read ride information, select a tip, and pay for the trip independently and privately. She had to seek the assistance of a third party to use the self-service terminal.

21.     Defendant RideCharge is a Delaware corporation doing business as Taxi Magic. RideCharge owns, operates, and/or maintains Taxi Magic Passenger

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  Information Monitors (described herein as self-service terminals) used in at least
2  one thousand six hundred (1600) taxicabs operated by ASC, LA Taxi, and SBC in
3  Southern California.  Upon information and belief, RideCharge collects a fee for
4  each credit card transaction that is processed on the self-service terminals and
5  shares in advertising revenue generated from the content displayed on the device.
6  Plaintiffs seek full and equal access to the accommodations, advantages, facilities,
7  privileges, and services provided by RideCharge through its numerous self-service
8  terminals throughout California.

9  22.   Defendant ASC is a California-based entity.  ASC is the largest taxi business
10 in Los Angeles, and ASC owns, operates, and/or maintains taxicabs doing business
11 under the names: LA Yellow Cab, South Bay Yellow Cab, United Checker Cab,
12 Long Beach Yellow Cab, and Fiesta Taxi. ASC has around one thousand two
13 hundred (1200) taxicabs in Southern California.  Upon information and belief,
14 ASC offers sighted riders the ability to privately and independently access trip
15 information and pay for their rides using self-service terminals in all of its taxicabs.
16 Blind riders are unable to privately and independently access trip information and
17 pay for their rides in any of ASC's taxicabs because all of the self-service
18 terminals in ASC's taxicabs are inaccessible to blind riders.  Plaintiffs seek full and
19 equal access to the accommodations, advantages, facilities, privileges, and services
20 provided by ASC at its numerous taxicabs throughout Southern California.

21 23.   Defendant LA Taxi is a California-based entity.  LA Taxi does business as
22 LA Yellow Cab and has around seven hundred sixty (760) taxicabs in Southern
23 California.  Upon information and belief, all of these taxicabs offer riders the
24 services of the self-service terminals, which are inaccessible to blind riders.
25 Plaintiffs seek full and equal access to the accommodations, advantages, facilities,
26 privileges, and services provided by LA Taxi at its numerous taxicabs in Southern
27 California.

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

24.     Defendant SBC is a California-based entity. SBC does business as South Bay Yellow Cab and/or United Checker Cab. SBC has around one hundred eighty (180) taxicabs throughout Southern California.  Upon information and belief, all of these taxicabs offer riders the services of the self-service terminals, which are inaccessible to blind riders.  Plaintiffs seek full and equal access to the accommodations, advantages, facilities, privileges, and services provided by SBC at its numerous taxicabs throughout Southern California.

## CLASS ACTION ALLEGATIONS

25.     Plaintiffs seek certification of the following Class pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and, alternatively, 23(b)(3):  "all legally blind individuals who have been and/or are being denied access to the services, privileges, advantages, and accommodations that Defendants offer due to self-service terminals in taxicabs that are inaccessible to blind persons in California."

26.     The persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

27.     This case arises out of Defendants' common policy and practice of denying blind persons access to the goods and services of the self-service terminals in taxicabs since all such terminals use the same visual interface that is inaccessible to blind persons.  Due to Defendants' policy and practice of failing to remove these uniform access barriers, blind persons have been and are being denied full and equal access to the self-service terminals and the goods and services they offer.

28.     There are common questions of law and fact involved affecting the parties to be represented in that they all are legally blind and have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of the accommodations, advantages, facilities, privileges, and services provided by Defendants at the self-service terminals in taxicabs, due to the lack of accessible

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  features at those self-service terminals, as required by law for persons with

2  disabilities.

3  29.    The claims of the named Plaintiffs are typical of those of the class.

4  30.    Plaintiffs will fairly and adequately represent and protect the interests of the

5  members of the Class.  Plaintiffs have retained and are represented by counsel

6  competent and experienced in complex class action litigation, including class

7  actions brought under the Americans with Disabilities Act and California law

8  requiring full and equal access for people with disabilities.

9  31.    Class certification of the claims is appropriate pursuant to Fed. R. Civ. P.

10  23(b)(2) because Defendants have acted or refused to act on grounds generally

11  applicable to the Class, making appropriate both declaratory and injunctive relief

12  with respect to Plaintiffs and the Class as a whole.

13  32.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because

14  questions of law and fact common to class members predominate over questions

15  affecting only individual class members, and because a class action is superior to

16  other available methods for the fair and efficient adjudication of this litigation.

17  33.    References to Plaintiffs shall be deemed to include the named Plaintiffs and

18  each member of the class, unless otherwise indicated.

19  **FACTUAL ALLEGATIONS**

20  34.    Defendants' self-service terminals are touchscreen devices that are typically

21  mounted just behind the front passenger or driver seats of taxis in California,

22  including the ASC, LA Taxi and SBC taxicabs.  The devices feature audio

23  speakers, internet connectivity, a double-sided, magnetic credit-card swipe, and a

24  video touchscreen monitor.  The self-service terminals allow sighted riders to

25  privately and independently verify their fares, select tip amounts, and pay for their

26  rides using commands on the touchscreen without ever interacting with the driver.

27  The self-service terminals also provide sighted passengers with trip information

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704–1204
(510) 665-8644

1   during rides, such as information about the driver and the local taxi authority, as

2   well as other features and entertainment content.

3   35.    Defendants offer the services of the self-service terminals in the majority of

4   taxicabs throughout Southern California, including taxicabs owned, leased,

5   operated, and/or maintained by ASC, LA Taxi, and SBC.

6   36.    Defendants' self-service terminals require riders to utilize an exclusively

7   visual user interface.  To use the terminals, riders must visually identify and

8   interact with command icons on the screen without the aid of any adaptive

9   features, such as text-to-speech output or tactile controls.  As a result, all of the

10   services, privileges, advantages, and accommodations that Defendants offer at the

11   self-service terminals are only available to sighted riders and are completely

12   inaccessible to blind riders.

13   37.    Defendant ASC provides the self-service terminals as accommodations,

14   advantages, facilities, privileges, and services of its taxicabs throughout Southern

15   California.

16   38.    Defendant LA Taxi provides the self-service terminals as accommodations,

17   advantages, facilities, privileges, and services of its taxicabs throughout Southern

18   California.

19   39.    Defendant SBC provides the self-service terminals as accommodations,

20   advantages, facilities, privileges, and services of its taxicabs throughout Southern

21   California.

22   40.    Sighted customers who use the self-service terminals in ASC, LA Taxi, and

23   SBC taxicabs have access to a variety of services, privileges, advantages, and

24   accommodations including the following:

25   • Reviewing trip fare and charges privately and independently;

26   • Browsing and selecting tip options privately and independently;

27   • Paying for rides with a credit card privately and independently;

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

- Reviewing other trip and entertainment information available on the touchscreen independently; and

- Controlling media playback options privately and independently.

41.     In contrast, blind riders must seek the assistance of the driver or other third parties to use Defendants' self-service terminals at all.  Indeed, for blind riders, the self-service aspect of the service, its primary benefit, is lost.  Blind riders have no independent access to trip and fare information.  Blind riders in vehicles with the self-service terminals must rely entirely on drivers or other third parties to convey fare information and enter tip amounts without any independent method of verifying such amounts.  To pay with a credit card, blind riders must wait for the driver to park the taxicab in a location where the driver can safely get out of the vehicle and enter the backseat to utilize the touchscreen to input the blind riders selections for payment and trip information, often resulting in drivers dropping off blind riders further away from their destinations than necessary.

42.     Moreover, information and services available exclusively during a ride are not even available with assistance from the driver because the driver cannot safely drive the vehicle and simultaneously assist the passenger in the back seat.

43.     Technology exists to make the self-service terminals accessible to blind customers, and this technology is already in use by other taxicab companies and at automated bank teller machines throughout California.  This technology includes the use of text-to-speech-based audio output and tactile controls.

44.     Defendant RideCharge has long been aware of means by which its existing self-service terminals could be made accessible to blind individuals. Nevertheless, RideCharge has refused to make its self-service terminals accessible.

45.     Defendant ASC has long been aware of means by which ride information and payment services can be made accessible to blind persons. Nevertheless, ASC has refused to provide accessible ride information and payment services in its taxicabs.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

46.     Defendant LA Taxi has long been aware of means by which ride information and payment services can be made accessible to blind persons. Nevertheless, LA Taxi has refused to provide accessible ride information and payment services in its taxicabs.

47.     Defendant SBC has long been aware of means by which ride information and payment services can be made accessible to blind persons. Nevertheless, SBC has refused to provide accessible ride information and payment services in its taxicabs.

48.     Defendants RideCharge, ASC, LA Taxi, and SBC thus provide accommodations, advantages, privileges, and services that contain access barriers for blind riders. These barriers deny full and equal access to Plaintiffs, who would otherwise fully and equally enjoy the benefits and services of the self-service terminals and ASC, LA Taxi, and SBC taxicabs.

49.     On January 13, 2014, Plaintiffs notified Defendants of the unlawful accessibility barriers at RideCharge' self-service terminals, ASC's taxicabs, LA Taxi's taxicabs, and SBC's taxicabs. Plaintiffs requested that Defendants commit to make their services accessible as required under current law. Defendants have failed and refused to make such a commitment.

## **FIRST CAUSE OF ACTION**

### **Violation of Title III of the Americans with Disabilities Act**

### **(42 U.S.C. § 12181 et seq.)**

50.     Plaintiffs incorporate, by reference herein, the allegations in paragraphs 1 through 48, inclusive.

51.     Section 302(a) of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability
> in the full and equal enjoyment of the goods, services, facilities,
> privileges, advantages, or accommodations of any place of public

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    accommodation by any person who owns, leases (or leases to), or

2    operates a place of public accommodation.

3    52.    The individual named Plaintiffs, members of the proposed class, and

4    Plaintiff NFB's members are qualified individuals with disabilities within the

5    meaning of Title III of the ADA.

6    53.    The self-service terminals in vehicles owned, operated, and/or leased by

7    ASC, LA Taxi, and SBC are service establishments providing riders with credit

8    card payment services, trip and entertainment information, and other services and

9    are therefore places of public accommodation within the definition of Title III of

10   the ADA.  42 U.S.C. §§12181(E) and (F).

11   54.    Defendant RideCharge owns, leases, and/or operates the self-service

12   terminals.

13   55.    Defendants ASC, LA Taxi and SBC own, operate, and or lease ASC

14   taxicabs, LA Taxi taxicabs, and SBC taxicabs.  The taxicabs owned, operated

15   and/or leased by ASC, LA Taxi, and SBC's taxicabs are places of public

16   accommodation within the meaning of Title III of the ADA.  42 U.S.C. §§

17   12181(10); 12184 (a); 28 C.F.R. § 36.104.  With the exception of modifications to

18   taxicabs for the purpose of wheelchair accessibility, all of the antidiscrimination

19   provisions of Title III of the ADA apply to the goods, services, facilities,

20   privileges, advantages, and accommodations of taxicabs.

21   56.    The self-service terminals in the taxicabs owned, operated, and/or leased by

22   ASC, LA Taxi, and SBC are services, facilities, privileges, advantages, and

23   accommodations of those taxicabs and are therefore subject to the

24   antidiscrimination protections of Title III of the ADA.

25   57.    Title III prohibits any person who owns, leases, or operates a place of public

26   accommodation from excluding, on the basis of disability, an individual with a

27   disability or a class of individuals with disabilities from participating in or

28   benefiting from the goods, services, facilities, privileges, advantages, or

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  accommodations of public accommodations or otherwise discriminating against a

2  person on the basis of disability. 42 U.S.C. § 12182(b)(1)(A)(i).

3  58.    Under Title III, it is also unlawful for places of public accommodation to

4  afford, on the basis of disability, an individual or class of individuals with

5  disabilities with an opportunity to participate in or benefit from a good, service,

6  facility, privilege, advantage, or accommodation that is not equal to that afforded

7  other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

8  59.    Title III further prohibits places of public accommodation providing, on the

9  basis of disability, an individual or class of individuals with a good, service,

10  facility, privilege, advantage, or accommodation that is different or separate from

11  that provided to other individuals. 42 U.S.C. § 12182(b)(1)(A)(iii).

12  60.    It is a violation of Title III for places of public accommodation to fail to

13  make reasonable modifications in policies, practices, or procedures, when such

14  modifications are necessary to afford such goods, services, facilities, privileges,

15  advantages, or accommodations to individuals with disabilities, unless the entity

16  can demonstrate that making such modifications would fundamentally alter the

17  nature of such goods, services, facilities, privileges, advantages, or

18  accommodations. 42 U.S.C. §§ 12182(b)(2)(a)(ii); 12184(b)(2)(A); 28 C.F.R. §

19  36.302(a).

20  61.    Furthermore, it is a violation of Title III for a covered entity to fail to take

21  steps that are necessary to ensure that no individual with a disability is excluded,

22  denied services, segregated, or otherwise treated differently than other individuals

23  because of the absence of auxiliary aids and services, unless the entity can

24  demonstrate that taking such steps would fundamentally alter the nature of the

25  good, service, facility, privilege, advantage, or accommodation being offered or

26  would result in an undue burden. 42 U.S.C. §§ 12182(b)(2)(a)(iii); 12184(b)(2)(B);

27  28 C.F.R. § 36.303. The regulations implementing Title III define auxiliary aids

28  and services in part as accessible electronic and information technology and

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    acquisition or modification of equipment or devices. 28 C.F.R. § 36.303(b)(2) -

2    (3).

3    62.    The Title III regulations also prohibit failing to furnish appropriate auxiliary

4    aids and services where necessary to ensure effective communication with

5    individuals with disabilities. 28 C.F.R. 36.303(c)(1). To be effective, auxiliary aids

6    and services must be provided in accessible formats, in a timely manner, and in

7    such a way as to protect the privacy and independence of the individual with a

8    disability. 28 C.F.R. § 36.303(c)(1)(ii).

9    63.    Title III regulations further prohibit private entities providing taxi services

10   from discriminating by refusing to provide taxi services to people with disabilities

11   who can physically access taxi vehicles. 42 U.S.C. § 12184(b)(4)(B); 49 C.F.R. §

12   37.29(c).

13   64.    By requiring blind riders to seek assistance from third parties, including taxi

14   drivers, with accessing services at the self-service terminals, Defendants fail to

15   protect the privacy and independence of Plaintiffs and other class members and

16   deny blind riders access to the benefits of the self-service terminals, including,

17   among others, the ability to pay for taxicab rides independently, the ability to

18   monitor taxicab trips using the terminals' touchscreens, and the ability to privately

19   and independently determine and enter tip amounts, without the oversight or

20   interference of the taxi drivers or other third parties. Defendants therefore violate

21   Title III of the ADA by denying blind riders full and equal access to the services,

22   facilities, privileges, advantages, and accommodations of the self-service terminals

23   in ASCs's taxicabs, SBC's taxicabs, and LA Taxi's taxicabs.

24   65.    Defendants also have and continue to violate Title III of the ADA by failing

25   to make reasonable modifications in policies, practices, or procedures that would

26   allow blind riders to utilize the self-service terminals and access the services of the

27   self-service terminals independently in the same way that sighted passengers do.

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

66.    In addition, by failing to provide non-visual access features at the self-service terminals that would allow blind riders to use the services of the self-service terminals independently as sighted riders currently do in Defendants' taxicabs, Defendants have violated the ADA by failing to take steps to ensure that Plaintiffs are not excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

67.    Moreover, by failing to provide non-visual access to the self-service terminals, Defendants fail to furnish appropriate auxiliary aids and services necessary to ensure effective communication with Plaintiffs and other class members in violation of Title III of the ADA.

68.    Defendants ASC, SBC, and LA Taxi further violate Title III of the ADA by refusing to provide taxi services, including the services of the self-service terminals, to blind riders who can physically access taxi vehicles.

69.    The actions of Defendants were and are in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., and regulations promulgated thereunder. Defendants have failed to take any equitable steps to remedy their discriminatory conduct, and Defendants' violations of the ADA are ongoing. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiffs and other members of the class will continue to suffer irreparable harm.

70.    Plaintiffs are entitled to injunctive relief. 42 U.S.C. § 12888.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SECOND CAUSE OF ACTION

### Violation of the California Unruh Civil Rights Act

### (California Civil Code §§ 51 and 52)

71.    Plaintiffs incorporate, by reference herein, the allegations in paragraphs 1 through 69, inclusive.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

72.     The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the state of California. Cal. Civ. Code § 51(b).

73.     The self-service terminals, ASC's taxicabs, SBC's taxicabs, and LA Taxi's taxicabs are business establishments within the jurisdiction of the state of California, and as such are obligated to comply with the provisions of the California Unruh Civil Rights Act, California Civil Code §§ 51 *et seq*.

74.     The Unruh Act provides, inter alia, that a violation of the ADA, §§ 12101 et seq., also constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

75.     Defendant's discriminatory conduct alleged herein includes, inter alia, the violation of the rights of persons with disabilities set forth in Title III of the ADA and therefore also violates the Unruh Act. California Civil Code § 51(f).

76.     The actions of Defendants were and are in violation of the Unruh Civil Rights Act, California Civil Code §§ 51, et seq., and therefore Plaintiffs are entitled to injunctive relief remedying the discrimination. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiffs and members of the class will continue to suffer irreparable harm.

77.     Plaintiffs are also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense in violation of the Unruh Act. Cal. Civ. Code § 52(b).

WHEREFORE, Plaintiffs pray for relief as set forth below.

## **THIRD CAUSE OF ACTION**

### **Violation of the California Disabled Persons Act**

### **(California Civil Code §§ 54- 54.3 and §54.9)**

78.     Plaintiffs incorporate, by reference herein, the allegations in paragraphs 1 through 76, inclusive.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

79.   California Civil Code §§ 54-54.3 guarantee, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of all "common carriers," "motor vehicles," "places of public accommodation" and "other places to which the general public is invited" within the jurisdiction of California. Cal. Civ. Code § 54.1(a)(1).

80.   Defendants' self-service terminals are "places of public accommodation" or "other places to which the general public is invited" under California Civil Code §54.1(a)(1).

81.   Defendants are violating the rights of blind persons to full and equal access to places of public accommodations and places to which the general public is invited under California Civil Code §§ 54-54.3 by denying blind riders full and equal access to the accommodations, advantages, facilities, and privileges of the self-service terminals.

82.   ASC's taxicabs, SBC's taxicabs, and LA Taxi's taxicabs are "common carriers," "motor vehicles," "places of public accommodation" or "other places to which the general public is invited" under California Civil Code §54.1(a)(1).

83.   Defendants are violating the rights of blind persons to full and equal access to common carriers, motor vehicles, places of public accommodation or other places to which the general public is invited under California Civil Code §§54-54.3 by denying blind riders full and equal access to the accommodations, advantages, facilities, and privileges of ASC taxicabs, SBC taxicabs, and LA Taxi taxicabs.

84.   Defendants are also violating California Civil Code §§ 54-54.3 in that their actions are a violation of the ADA.  Any violation of the ADA is also a violation of California Civil Code § 54.1.  Cal. Civ. Code § 54.1(d).

85.   Defendant RideCharge is also a manufacturer or distributor of touch screen devices used for self-service check-in at a facility providing passenger transportation services under California Civil Code § 54.9.  Defendant RideCharge

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    is in violation of California Civil Code § 54.9 because it fails to offer its

2    touchscreen self-service terminals with the necessary technology for blind persons

3    to privately and independently enter personal information needed to process

4    transactions.

5    86.    Plaintiffs are entitled to statutory minimum damages for each violation of.

6    Cal. Civ. Code §§ 54-54.3(a).

7    87.    Plaintiffs do not seek relief under California Civil Code § 55.

8    WHEREFORE, Plaintiffs pray for relief as set forth below.

9                          **FOURTH CAUSE OF ACTION**

10                   (Declaratory Relief on behalf of Plaintiffs and the Class)

11   88.    Plaintiffs incorporate by reference the foregoing allegations as if set forth

12   fully herein.

13   89.    An actual controversy has arisen and now exists between the parties in that

14   Plaintiffs contend, and are informed and believe that Defendants deny that by

15   providing inaccessible services, privileges, and accommodations at self-service

16   terminals at taxis in California, Defendants fail to comply with applicable laws,

17   including but not limited to Title III of the Americans with Disabilities Act, 42

18   U.S.C. §§ 12181, *et seq.*, California Civil Code §§ 51 - 52, and California Civil

19   Code §§ 54-54.3 and §54.9.

20   90.    A judicial declaration is necessary and appropriate at this time in order that

21   each of the parties may know their respective rights and duties and act accordingly.

22   WHEREFORE, Plaintiffs request relief as set forth below.

23                          **PRAYER FOR RELIEF**

24          WHEREFORE, Plaintiffs pray for judgment as follows:

25   91.    A permanent injunction to prohibit Defendants and their employees, agents,

26   and any and all other persons acting on Defendants' behalf or under Defendants'

27   control from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et*

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*seq*., and the Unruh Act, Cal. Civ. Code §§ 51 - 52. due to inaccessible self -service terminals in taxis in California;

92.     A permanent injunction pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq*., and the Unruh Act, Cal. Civ. Code §§ 51 – 52, requiring Defendants to take the steps necessary to make the services, facilities, privileges, advantages, and accommodations they provide at self-service terminals in taxis in California, including ASC taxicabs, SBC taxicabs and LA Taxi taxicabs, fully accessible to and independently usable by blind riders;

93.     A declaration that Defendants discriminate against blind persons by failing to provide blind riders with full and equal access to the services, facilities, privileges, advantages, and accommodations of the self-service terminals in taxis in California, including ASC taxicabs, SBC taxicabs, and LA Taxi taxicabs, in violation of Title III of the ADA, California Civil Code §§ 54- 54.3 & § 54.9, and California's Unruh Act, California Civil Code §§ 51 – 52.

94.     An order certifying this case as a class action under Fed. R. Civ. P. 23(a), and 23(b)(2) and/or 23(b)(3) appointing Plaintiffs as Class Representatives, and their attorneys as Class Counsel;

95.     Damages in an amount to be determined by proof, including all applicable statutory damages pursuant to Cal. Civ. Code § 52(a) or Cal. Civ. Code § 54.3.

96.     An order awarding Plaintiffs reasonable attorneys' fees and costs, as authorized by 42 U.S.C. § 12188, Cal. Civ. Code § 52 and Cal. Civ. Code § 54.3; and

97.     For such other and further relief as the Court deems just and proper.

DATED:  April 2, 2014          DISABILITY RIGHTS ADVOCATES
                               LA BARRE LAW OFFICES
                               TRE LEGAL PRACTICE
                               LAW OFFICES OF ANTHONY GOLDSMITH

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1

2    By: _____

3    Michael Nunez
     Attorney for Plaintiffs

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644