DISABILITY RIGHTS ADVOCATES
LAURENCE PARADIS (CA. BAR NO. 122336)
lparadis@dralegal.org
STUART SEABORN (CA. BAR NO. 198590)
sseaborn@dralegal.org
MICHAEL NUNEZ (CA. BAR NO. 280535)
mnunez@dralegal.org
HABEN GIRMA (CA. BAR NO. 293667)
hgirma@dralegal.org
2001 Center Street, Fourth Floor
Berkeley, California 94704-1204
Telephone: (510) 665-8644
Facsimile: (510) 665-8511
TTY: (510) 665-8716

LABARRE LAW OFFICES
SCOTT LABARRE
slabarre@labarrelaw.com
1660 South Albion Street, Suite 918
Denver, Colorado 80222
Telephone: (303)504-5979
Facsimile: (303)758-6150

(Additional attorneys listed on the next page)

Attorneys for Plaintiffs

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, RICK BOGGS, GERALDINE CROOM, ROCHELLE HOUSTON, and TINA THOMAS,<br><br>Plaintiffs,<br><br>v.<br><br>RIDECHARGE, INC., ADMINISTRATIVE SERVICES COOPERATIVE, INC., LA TAXI COOPERATIVE, INC., and SOUTH BAY YELLOW CAB COOPERATIVE, INC.,<br><br>Defendants. | **Case No. 2:14-cv-2490**<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181.** *et seq.,* **THE CALIFORNIA UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51** *et seq.,* **AND CALIFORNIA DISABLED PERSONS ACT, CALIFORNIA CIVIL CODE §§ 54-54.3** |

1   TRE LEGAL PRACTICE, LLC
    TIMOTHY ELDER (CA. BAR NO. 277152)
2   telder@trelegal.com
    4226 Castanos Street
3   Fremont, California 94536
    Telephone:   (410) 415-3493
4   Facsimile:   (888) 718-0617

5   LAW OFFICES OF ANTHONY GOLDSMITH
    ANTHONY GOLDSMITH (CA. BAR NO. 125621)
6   Local counsel
    aegoldlaw@aol.com
7   18321 Ventura Boulevard, Suite 900
    Tarzana, California 91356
8   Telephone:   (818) 343-1370
    Facsimile:   (818) 343-1339
9

10   Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*NFB, et al., v. Ridecharge, Inc., et al.,* **Case No.: 2:14-cv-2490**
**FIRST AMENDED COMPLAINT**

# **INTRODUCTION**

Plaintiffs complain of Defendants and allege herein as follows:

1.      The National Federation of the Blind ("NFB") and four blind individuals seek to put an end to systemic civil rights violations committed by RideCharge, Inc. ("RideCharge"), Administrative Services Cooperative, Inc. ("ASC"), LA Taxi Cooperative, Inc. ("LA Taxi"), and South Bay Yellow Cab Cooperative, Inc. ("SBC") (together "Defendants") against blind persons who use taxis in Southern California.

2.      Together, Defendants provide sighted taxicab riders throughout Southern California with self-service point-of-sale terminals ("self-service terminals") that are inaccessible to blind riders. The self-service terminals utilize an entirely visual, touchscreen interface mounted on the back of the front passenger or driver seat that allows sighted taxicab riders to privately and independently review trip and fare information and privately pay fares and determine tip amounts without interacting with the driver.  The terminals' exclusively visual interface lacks accessibility features for blind riders, such as tactile controls and text-to-speech output.  As a result, blind riders are unable to use Defendants' self-service terminals at all.

3.      When blind riders in taxicabs with Defendants' self-service terminals need to pay for their rides using credit cards, they must ask taxi drivers to orally describe trip and fair information without having any independent way to verify such information.  Blind riders are also placed in the uncomfortable and coercive position of having to orally tell taxi drivers how much or what percentage tip to offer with no independent method of verifying the tip amounts that drivers actually enter.  Additionally, because Defendants' self-service terminals are located in the backseat, drivers must park in a location where they can get out of the vehicles and enter the backseat to operate the self-service terminals for blind riders.  This creates an awkward scenario where the passenger and driver are sharing the back seat.  In addition, due to parking constraints, blind riders sometimes face delays or

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  are dropped off multiple blocks from their destinations, adding complexity and

2  potential safety hazards to the riders' commutes.

3  4.      Taxicabs are a critical transportation option for many blind travelers in

4  Southern California.  Many blind people travel independently using guide dogs or

5  canes. However, due to distances between destinations and the limitations of public

6  transportation and paratransit in the area, many blind persons must use taxicabs to

7  travel from one place to another. The fact that the self-service terminals are

8  inaccessible denies blind persons in Southern California full and equal access to

9  this critical mode of transportation.

10 5.      Due to recent advances in automation and self-service shopping technology,

11 automated payment systems, such as Defendants' self-service terminals, have

12 become an increasingly prominent part of the way people purchase goods and

13 services.  Such systems are now available in taxicabs in major cities throughout the

14 Country and are rapidly becoming the primary method taxicab operators use to

15 conduct transactions and interact with customers.

16 6.      Other taxi payment system operators, including those who provide self-

17 service terminals for large fleets in New York City, Boston, and other large cities

18 provide terminals with accessibility features that allow blind riders to

19 independently operate backseat payment systems without relying on the driver or a

20 sighted companion.  These terminals utilize "text-to-speech" technology that

21 translates the text displayed on a screen into audible, synthesized speech and

22 provide tactile controls that allow blind riders to make selections, including

23 selections involving payment and tip amounts, independently.  This technology is

24 also widely available in ATMs, ticketing kiosks, mobile smart phones, and

25 personal computers.

26 7.      Despite readily available technology that can make self-service terminals

27 independently operable by blind persons, Defendants have chosen to rely on an

28 exclusively visual interface.  By failing to make the services offered by the self-

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    service terminals in ASC, SBC and LA Taxi taxicabs in Southern California

2    accessible to blind persons, Defendants are violating basic equal access

3    requirements under both state and federal law.

4    8.    Congress provided a clear and national mandate for the elimination of

5    discrimination against individuals with disabilities when it enacted the Americans

6    with Disabilities Act. Such discrimination includes barriers to full integration,

7    independent living, and equal opportunity for persons with disabilities, including

8    those barriers created by inaccessible self-service terminals in places of public

9    accommodation, such as taxicabs. Similarly, California state law requires full and

10   equal access to all business establishments and places where the public is invited.

11   9.    Plaintiffs, consisting of several blind individuals and the National Federation

12   of the Blind, attempted to resolve this matter without a lawsuit, but were unable to

13   obtain a commitment by Defendants to remedy these barriers to full and equal

14   access.

15   10.   Plaintiffs use the terms "blind person" or "blind people" and "the blind" to

16   refer to all persons with visual impairments who meet the legal definition of

17   blindness in that they have central visual acuity no greater than 20/200 in the better

18   eye, with corrected lenses, as measured by the Snellen test, or visual acuity greater

19   than 20/200, but with a limitation in the field of vision such that the widest

20   diameter of the visual field subtends an angle not greater than 20 degrees. Some

21   blind people who meet this definition have limited vision. Others have no vision.

22

23                              **JURISDICTION**

24   11.   This Court has subject matter jurisdiction of this action pursuant to 28

25   U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiffs' claims arising under the

26   Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq.

27   12.   This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over

28   Plaintiffs' pendent claims under the California Unruh Civil Rights Act (California

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

---

*NFB, et al. v. Ridecharge, Inc. et al.,* Case No.: 2:14-cv-2490
**COMPLAINT**                                                    3

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  Civil Code §§ 51, et seq.), and the Disabled Persons Act (California Civil Code §§
2  54-54.3).

3  ## **VENUE**

4  13.    Venue is proper in the Central District pursuant to 28 U.S.C. §§ 1391(b)-(c).

5  14.    Defendants ASC, LA Taxi, and SBC are registered to do business in

6  California. Defendants ASC, LA Taxi, SBC, and RideCharge have been doing

7  business in California, including the Central District of California.  ASC owns

8  and/or operates several taxicab fleets in Southern California, doing business under

9  the names LA Yellow Cab, Fiesta Taxi, Long Beach Yellow Cab, South Bay

10 Yellow Cab, and United Checker Cab.  ASC owns and/or operates approximately

11 1,200 taxicabs in the Central District.  LA Taxi owns, leases, maintains, and/or

12 operates approximately 760 taxicabs in the Central District.  SBC owns, leases,

13 maintains, and/or operates approximately 180 taxicabs in the Central District.

14 RideCharge owns, leases, maintains, and/or operates self-service terminals located

15 in at least 1600 taxicabs throughout California, most of which are in the Central

16 District.  Defendants are subject to personal jurisdiction in this District.

17 Defendants have been and are committing the acts alleged herein in the Central

18 District of California, have been and are violating the rights of Plaintiffs in the

19 Central District of California, and have been and are causing injury to Plaintiffs in

20 the Central District of California. A substantial part of the acts and omissions

21 giving rise to Plaintiffs' claims have occurred in the Central District of California.

22 15.    The individual Plaintiffs experienced injury in this District as a result of

23 Defendants' inaccessible, touch-screen self-service terminals in taxicabs owned,

24 operated, or leased by Defendants.  Additionally, Plaintiff NFB has members and

25 chapters who have experienced injury in the Central District.

26 ## **PARTIES**

27 16.    Plaintiff NFB, the oldest and largest national membership organization of

28 blind persons, is a non-profit corporation duly organized under the laws of the

---

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

District of Columbia with its principal place of business in Baltimore, Maryland. It has affiliates in all 50 states, Washington, D.C., and Puerto Rico, including an affiliate in California. The vast majority of its approximately 50,000 members are blind persons who are recognized as a protected class under federal and state laws. The NFB is widely recognized by the public, Congress, executive agencies of government, and the courts as a collective and representative voice on behalf of blind Americans and their families.

17.     The purpose of the NFB is to promote the general welfare of the blind by (1) assisting the blind in their efforts to integrate themselves into society on terms of equality and (2) removing barriers and changing social attitudes, stereotypes, and mistaken beliefs that sighted and blind persons hold concerning the limitations created by blindness and that result in the denial of opportunity to blind persons in virtually every sphere of life. The NFB and many of its members have long been actively involved in promoting accessible technology for the blind, so that blind persons can live and work independently in today's technology-dependent world.

18.     NFB members reside throughout the United States, including California. Many NFB members have encountered and will continue to encounter barriers due to the inaccessible RideCharge self-service terminals at issue.  The NFB sues on behalf of its members as well as itself, in furtherance of its extensive efforts and expenditure of resources in promoting two of its principal missions: independence of the blind and equal access to technology for the blind.  Defendants' discriminatory use of inaccessible self-service terminals frustrates these missions of the NFB and results in the diversion of its resources to address Defendants' discriminatory practices.

18.     Plaintiff Boggs is blind, a member of NFB, and a resident of Northridge, California. Mr. Boggs works as an audio engineer and travels about three times per week by taxicab for work. He regularly encounters Defendants' inaccessible terminals.  Mr. Boggs attempted to use a taxicab from LA Yellow Cab in

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   Northridge, California, on or about December 29, 2013.  Because the inaccessible

2   self-service terminal did not offer a non-visual means of operation, Mr. Boggs was

3   unable to read ride information, select a tip, and pay for the trip independently and

4   privately.  When it came time for Mr. Boggs to pay for his ride, the driver was

5   reluctant to assist Mr. Boggs with the self-service terminal.  Mr. Boggs had to get

6   out of the car and call the taxi company from his office.  He experienced a delay of

7   approximately thirty minutes attempting to pay for his ride.  Mr. Boggs often

8   experiences delays attempting to pay by credit card in taxicabs with Defendants'

9   self-service terminals.

10   19.    Plaintiff Thomas is blind, a member of NFB, and a resident of Los Angeles,

11   California.  Ms. Thomas uses taxicabs frequently and has encountered inaccessible

12   RideCharge self-service terminals on multiple occasions, including on a trip in an

13   LA Yellow Cab in Los Angeles on or about October 10, 2013, on a trip in a United

14   Checker Cab from Los Angeles to Hawthorne on or about November 26, 2013, and

15   on a trip in a Long Beach Yellow Cab from Long Beach to Los Angeles on or

16   about December 1, 2013.  On each of those occasions, because the inaccessible

17   touch-screen RideCharge self-service terminal did not offer a non-visual means of

18   operation, Ms. Thomas was unable to read ride information, select a tip, and pay

19   for the trip independently and privately.  She had to rely on the driver to provide

20   trip and fare information and enter the tip amounts with no independent way of

21   verifying that information.  Also, on each of those occasions, Ms. Thomas was

22   delayed while the driver found a place to park, entered the backseat of the vehicle,

23   and attempted to figure out how to use the touchscreen on her behalf.

24   20.    Plaintiff Houston is blind, a member of NFB, and a resident of Los Angeles,

25   California.  Ms. Houston regularly encounters Defendants' inaccessible self-

26   service terminals.  Ms. Houston attempted to use a taxicab from South Bay Yellow

27   Cab on or about October 2, 2013, when traveling from Torrance to Los Angeles,

28   California.  However, because the inaccessible self-service terminal in the taxicab

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1 did not offer a non-visual means of operation, Ms. Houston was unable to read ride

2 information, select a tip, and pay for the trip independently and privately. She had

3 to seek the assistance of the driver to use the self-service terminal. Ms. Houston

4 also encountered the above barriers in a Fiesta Taxi cab on or about November 19,

5 2013, when traveling in Norwalk, California, and again had to rely on the driver

6 for trip and fare information and to enter her tip amount, without any independent

7 method of verifying the information or the tip amount entered by the driver. On

8 one occasion when Ms. Houston attempted to use the inaccessible self-service

9 terminal to pay for her ride, the driver was unable to locate parking near her

10 destination and ended up dropping Ms. Houston off a few blocks from her

11 destination at a location where he could park the vehicle, get out of the car, and

12 enter the backseat to input her payment and tip information. Ms. Houston then had

13 to seek the assistance of the driver to walk her to her destination safely.

14 21.      Plaintiff Croom is blind, a member of NFB, and a resident of Los Angeles,

15 California. She regularly encounters Defendants' inaccessible self-service

16 terminals while traveling. Ms. Croom attempted to use a taxicab from LA Yellow

17 Cab on or about September 23, 2013, when traveling in Los Angeles, California.

18 However, because the inaccessible self-service terminal did not offer a non-visual

19 means of operation, Ms. Croom was unable to read ride information, select a tip,

20 and pay for the trip independently and privately. She had to seek the assistance of a

21 third party to use the self-service terminal.

22 22.      Defendant RideCharge is a Delaware corporation doing business as Taxi

23 Magic. RideCharge owns, operates, and/or maintains Taxi Magic Passenger

24 Information Monitors (described herein as self-service terminals) used in at least

25 one thousand six hundred (1600) taxicabs operated by ASC, LA Taxi, and SBC in

26 Southern California. Upon information and belief, RideCharge collects a fee for

27 each credit card transaction that is processed on the self-service terminals and

28 shares in advertising revenue generated from the content displayed on the device.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   Plaintiffs seek full and equal access to the accommodations, advantages, facilities,

2   privileges, and services provided by RideCharge through its numerous self-service

3   terminals throughout California.

4   23.    Defendant ASC is a California-based entity.  ASC is the largest taxi business

5   in Los Angeles, and ASC owns, operates, and/or maintains taxicabs doing business

6   under the names: LA Yellow Cab, South Bay Yellow Cab, United Checker Cab,

7   Long Beach Yellow Cab, and Fiesta Taxi. ASC has around one thousand two

8   hundred (1200) taxicabs in Southern California.  Upon information and belief,

9   ASC offers sighted riders the ability to privately and independently access trip

10  information and pay for their rides using self-service terminals in all of its taxicabs.

11  Blind riders are unable to privately and independently access trip information and

12  pay for their rides in any of ASC's taxicabs because all of the self-service

13  terminals in ASC's taxicabs are inaccessible to blind riders.  Plaintiffs seek full and

14  equal access to the accommodations, advantages, facilities, privileges, and services

15  provided by ASC at its numerous taxicabs throughout Southern California.

16  24.    Defendant LA Taxi is a California-based entity.  LA Taxi does business as

17  LA Yellow Cab and has around seven hundred sixty (760) taxicabs in Southern

18  California.  Upon information and belief, all of these taxicabs offer riders the

19  services of the self-service terminals, which are inaccessible to blind riders.

20  Plaintiffs seek full and equal access to the accommodations, advantages, facilities,

21  privileges, and services provided by LA Taxi at its numerous taxicabs in Southern

22  California.

23  25.    Defendant SBC is a California-based entity. SBC does business as South

24  Bay Yellow Cab and/or United Checker Cab. SBC has around one hundred eighty

25  (180) taxicabs throughout Southern California.  Upon information and belief, all of

26  these taxicabs offer riders the services of the self-service terminals, which are

27  inaccessible to blind riders.  Plaintiffs seek full and equal access to the

28

accommodations, advantages, facilities, privileges, and services provided by SBC at its numerous taxicabs throughout Southern California.

## FACTUAL ALLEGATIONS

26.     Defendants' self-service terminals are touchscreen devices that are typically mounted just behind the front passenger or driver seats of taxis in Southern California, including the ASC, LA Taxi and SBC taxicabs.  The devices feature audio speakers, internet connectivity, a double-sided, magnetic credit-card swipe, and a video touchscreen monitor.  The self-service terminals allow sighted riders to privately and independently verify their fares, select tip amounts, and pay for their rides using commands on the touchscreen without ever interacting with the driver. The self-service terminals also provide sighted passengers with trip information during rides, such as information about the driver and the local taxi authority, as well as other features and entertainment content.

27.     Defendants offer the services of the self-service terminals in the majority of taxicabs throughout Southern California, including taxicabs owned, leased, operated, and/or maintained by ASC, LA Taxi, and SBC.

28.     Defendants' self-service terminals require riders to utilize an exclusively visual user interface.  To use the terminals, riders must visually identify and interact with command icons on the screen without the aid of any adaptive features, such as text-to-speech output or tactile controls.  As a result, all of the services, privileges, advantages, and accommodations that Defendants offer at the self-service terminals are only available to sighted riders and are completely inaccessible to blind riders.

29.     Defendant ASC provides the self-service terminals as accommodations, advantages, facilities, privileges, and services of its taxicabs throughout Southern California.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

30.   Defendant LA Taxi provides the self-service terminals as accommodations, advantages, facilities, privileges, and services of its taxicabs throughout Southern California.

31.   Defendant SBC provides the self-service terminals as accommodations, advantages, facilities, privileges, and services of its taxicabs throughout Southern California.

32.   Sighted customers who use the self-service terminals in ASC, LA Taxi, and SBC taxicabs have access to a variety of services, privileges, advantages, and accommodations including the following:

- Reviewing trip fare and charges privately and independently;
- Browsing and selecting tip options privately and independently;
- Paying for rides with a credit card privately and independently;
- Reviewing other trip and entertainment information available on the touchscreen independently; and
- Controlling media playback options privately and independently.

33.   In contrast, blind riders must seek the assistance of the driver or other third parties to use Defendants' self-service terminals at all.  Indeed, for blind riders, the self-service aspect of the service, its primary benefit, is lost.  Blind riders have no independent access to trip and fare information.  Blind riders in vehicles with the self-service terminals must rely entirely on drivers or other third parties to convey fare information and enter tip amounts without any independent method of verifying such amounts.  To pay with a credit card, blind riders must wait for the driver to park the taxicab in a location where the driver can safely get out of the vehicle and enter the backseat to utilize the touchscreen to input the blind riders' selections for payment and trip information, often resulting in drivers dropping off blind riders further away from their destinations than necessary.

34.   Moreover, information and services available exclusively during a ride are not even available with assistance from the driver because the driver cannot safely

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704–1204
(510) 665-8644

drive the vehicle and simultaneously assist the passenger by operating the terminal in the back seat.

35.     Technology exists to make the self-service terminals accessible to blind customers, and this technology is already in use by other taxicab companies and at automated bank teller machines throughout California.  This technology includes the use of text-to-speech-based audio output and tactile controls.

36.     Defendant RideCharge has long been aware of means by which its existing self-service terminals could be made accessible to blind individuals. Nevertheless, RideCharge has refused to make its self-service terminals accessible.

37.     Defendant ASC has long been aware of means by which ride information and payment services can be made accessible to blind persons. Nevertheless, ASC has refused to provide accessible ride information and payment services in its taxicabs.

38.     Defendant LA Taxi has long been aware of means by which ride information and payment services can be made accessible to blind persons. Nevertheless, LA Taxi has refused to provide accessible ride information and payment services in its taxicabs.

39.     Defendant SBC has long been aware of means by which ride information and payment services can be made accessible to blind persons. Nevertheless, SBC has refused to provide accessible ride information and payment services in its taxicabs.

40.     Defendants RideCharge, ASC, LA Taxi, and SBC thus provide accommodations, advantages, privileges, and services that contain access barriers for blind riders. These barriers deny full and equal access to Plaintiffs, who would otherwise fully and equally enjoy the benefits and services of the self-service terminals and ASC, LA Taxi, and SBC taxicabs.

41.     On January 13, 2014, Plaintiffs notified Defendants of the unlawful accessibility barriers at RideCharge' self-service terminals, ASC's taxicabs, LA

1   Taxi's taxicabs, and SBC's taxicabs. Plaintiffs requested that Defendants commit

2   to make their services accessible as required under current law. Defendants have

3   failed and refused to make such a commitment.

4                        **FIRST CAUSE OF ACTION**

5          **Violation of Title III of the Americans with Disabilities Act**

6                        **(42 U.S.C. § 12181 et seq.)**

7   42.    Plaintiffs incorporate herein by reference the foregoing allegations.

8   43.    Section 302(a) of Title III of the Americans with Disabilities Act of 1990, 42

9   U.S.C. §§ 12101 *et seq.*, provides:

10          No individual shall be discriminated against on the basis of disability

11          in the full and equal enjoyment of the goods, services, facilities,

12          privileges, advantages, or accommodations of any place of public

13          accommodation by any person who owns, leases (or leases to), or

14          operates a place of public accommodation.

15  44.    The individual Plaintiffs and Plaintiff NFB's blind members are qualified

16  individuals with disabilities within the meaning of Title III of the ADA.

17  45.    The self-service terminals in vehicles owned, operated, and/or leased by

18  ASC, LA Taxi, and SBC are service establishments providing riders with credit

19  card payment services, trip and entertainment information, and other services and

20  are therefore places of public accommodation within the definition of Title III of

21  the ADA.  42 U.S.C. §§12181(E) and (F).

22  46.    Defendant RideCharge owns, leases, and/or operates the self-service

23  terminals.

24  47.    Defendants ASC, LA Taxi and SBC own, operate, and or lease ASC

25  taxicabs, LA Taxi taxicabs, and SBC taxicabs.  The taxicabs owned, operated

26  and/or leased by ASC, LA Taxi, and SBC's taxicabs are places of public

27  accommodation within the meaning of Title III of the ADA.  42 U.S.C. §§

28  12181(10); 12184 (a); 28 C.F.R. § 36.104.  With the exception of modifications to

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    taxicabs for the purpose of wheelchair accessibility, all of the antidiscrimination

2    provisions of Title III of the ADA apply to the goods, services, facilities,

3    privileges, advantages, and accommodations of taxicabs.

4    48.     The self-service terminals in the taxicabs owned, operated, and/or leased by

5    ASC, LA Taxi, and SBC are services, facilities, privileges, advantages, and

6    accommodations of those taxicabs and are therefore subject to the

7    antidiscrimination protections of Title III of the ADA.

8    49.     Title III prohibits any person who owns, leases, or operates a place of public

9    accommodation from excluding, on the basis of disability, an individual with a

10   disability or a class of individuals with disabilities from participating in or

11   benefiting from the goods, services, facilities, privileges, advantages, or

12   accommodations of public accommodations or otherwise discriminating against a

13   person on the basis of disability. 42 U.S.C. § 12182(b)(1)(A)(i).

14   50.     Under Title III, it is also unlawful for places of public accommodation to

15   afford, on the basis of disability, an individual or class of individuals with

16   disabilities with an opportunity to participate in or benefit from a good, service,

17   facility, privilege, advantage, or accommodation that is not equal to that afforded

18   other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

19   51.     Title III further prohibits places of public accommodation providing, on the

20   basis of disability, an individual or class of individuals with a good, service,

21   facility, privilege, advantage, or accommodation that is different or separate from

22   that provided to other individuals. 42 U.S.C. § 12182(b)(1)(A)(iii).

23   52.     It is a violation of Title III for places of public accommodation to fail to

24   make reasonable modifications in policies, practices, or procedures, when such

25   modifications are necessary to afford such goods, services, facilities, privileges,

26   advantages, or accommodations to individuals with disabilities, unless the entity

27   can demonstrate that making such modifications would fundamentally alter the

28   nature of such goods, services, facilities, privileges, advantages, or

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  accommodations. 42 U.S.C. §§ 12182(b)(2)(a)(ii); 12184(b)(2)(A); 28 C.F.R. §
2  36.302(a).

3  53.    Furthermore, it is a violation of Title III for a covered entity to fail to take

4  steps that are necessary to ensure that no individual with a disability is excluded,

5  denied services, segregated, or otherwise treated differently than other individuals

6  because of the absence of auxiliary aids and services, unless the entity can

7  demonstrate that taking such steps would fundamentally alter the nature of the

8  good, service, facility, privilege, advantage, or accommodation being offered or

9  would result in an undue burden. 42 U.S.C. §§ 12182(b)(2)(a)(iii); 12184(b)(2)(B);

10 28 C.F.R. § 36.303. The regulations implementing Title III define auxiliary aids

11 and services in part as accessible electronic and information technology and

12 acquisition or modification of equipment or devices. 28 C.F.R. § 36.303(b)(2) -

13 (3).

14 54.    The Title III regulations also prohibit failing to furnish appropriate auxiliary

15 aids and services where necessary to ensure effective communication with

16 individuals with disabilities. 28 C.F.R. 36.303(c)(1). To be effective, auxiliary aids

17 and services must be provided in accessible formats, in a timely manner, and in

18 such a way as to protect the privacy and independence of the individual with a

19 disability. 28 C.F.R. § 36.303(c)(1)(ii).

20 55.    Title III regulations further prohibit private entities providing taxi services

21 from discriminating by refusing to provide taxi services to people with disabilities

22 who can physically access taxi vehicles. 42 U.S.C. § 12184(b)(4)(B); 49 C.F.R. §

23 37.29(c).

24 56.    By requiring blind riders to seek assistance from third parties, including taxi

25 drivers, with accessing services at the self-service terminals, Defendants fail to

26 protect the privacy and independence of Plaintiffs and deny Plaintiffs access to the

27 benefits of the self-service terminals, including, among others, the ability to pay for

28 taxicab rides independently, the ability to monitor taxicab trips using the terminals'

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

touchscreens, and the ability to privately and independently determine and enter tip amounts, without the oversight or interference of the taxi drivers or other third parties. Defendants therefore violate Title III of the ADA by denying Plaintiffs full and equal access to the services, facilities, privileges, advantages, and accommodations of the self-service terminals in ASC's taxicabs, SBC's taxicabs, and LA Taxi's taxicabs.

57.     Defendants also have and continue to violate Title III of the ADA by failing to make reasonable modifications in policies, practices, or procedures that would allow Plaintiffs to utilize the self-service terminals and access the services of the self-service terminals independently in the same way that sighted passengers do.

58.     In addition, by failing to provide non-visual access features at the self-service terminals that would allow Plaintiffs to use the services of the self-service terminals independently as sighted riders currently do in Defendants' taxicabs, Defendants have violated the ADA by failing to take steps to ensure that Plaintiffs are not excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

59.     Moreover, by failing to provide non-visual access to the self-service terminals, Defendants fail to furnish appropriate auxiliary aids and services necessary to ensure effective communication with Plaintiffs in violation of Title III of the ADA.

60.     Defendants ASC, SBC, and LA Taxi further violate Title III of the ADA by refusing to provide taxi services, including the services of the self-service terminals, to Plaintiffs who can physically access taxi vehicles.

61.     The actions of Defendants were and are in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., and regulations promulgated thereunder. Defendants have failed to take any equitable steps to remedy their discriminatory conduct, and Defendants' violations of the ADA are ongoing.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   Unless the Court enjoins Defendants from continuing to engage in these unlawful

2   practices, Plaintiffs will continue to suffer irreparable harm.

3   62.     Plaintiffs are entitled to injunctive relief. 42 U.S.C. § 12888.

4   WHEREFORE, Plaintiffs pray for relief as set forth below.

5                     **SECOND CAUSE OF ACTION**

6           **Violation of the California Unruh Civil Rights Act**

7              **(California Civil Code §§ 51 and 52)**

8   63.     Plaintiffs incorporate herein by reference the foregoing allegations.

9   64.     The Unruh Act guarantees, inter alia, that persons with disabilities are

10  entitled to full and equal accommodations, advantages, facilities, privileges, or

11  services in all business establishments of every kind whatsoever within the

12  jurisdiction of the state of California. Cal. Civ. Code § 51(b).

13  65.     The self-service terminals, ASC's taxicabs, SBC's taxicabs, and LA Taxi's

14  taxicabs are business establishments within the jurisdiction of the state of

15  California, and as such are obligated to comply with the provisions of the

16  California Unruh Civil Rights Act, California Civil Code §§ 51 *et seq*.

17  66.     The Unruh Act provides, inter alia, that a violation of the ADA, §§ 12101 et

18  seq., also constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

19  67.     Defendant's discriminatory conduct alleged herein includes, inter alia, the

20  violation of the rights of persons with disabilities set forth in Title III of the ADA

21  and therefore also violates the Unruh Act. California Civil Code § 51(f).

22  68.     The actions of Defendants were and are in violation of the Unruh Civil

23  Rights Act, California Civil Code §§ 51, et seq., and therefore Plaintiffs are

24  entitled to injunctive relief remedying the discrimination pursuant to California

25  Civil Code §52. Unless the Court enjoins Defendants from continuing to engage in

26  these unlawful practices, Plaintiffs will continue to suffer irreparable harm.

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

69.     The individual named Plaintiffs are also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense in violation of the Unruh Act. Cal. Civ. Code § 52(b).

WHEREFORE, Plaintiffs pray for relief as set forth below.

## THIRD CAUSE OF ACTION

### Violation of the California Disabled Persons Act
### (California Civil Code §§ 54- 54.3 and §54.9)

70.     Plaintiffs incorporate herein by reference the foregoing allegations.

71.     California Civil Code §§ 54-54.3 guarantee, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of all "common carriers," "motor vehicles," "places of public accommodation" and "other places to which the general public is invited" within the jurisdiction of California. Cal. Civ. Code § 54.1(a)(1).

72.     Defendants' self-service terminals are "places of public accommodation" or "other places to which the general public is invited" under California Civil Code §54.1(a)(1).

73.     Defendants are violating the rights of Plaintiffs to full and equal access to places of public accommodations and places to which the general public is invited under California Civil Code §§ 54-54.3 by denying Plaintiffs full and equal access to the accommodations, advantages, facilities, and privileges of the self-service terminals.

74.     ASC's taxicabs, SBC's taxicabs, and LA Taxi's taxicabs are "common carriers," "motor vehicles," "places of public accommodation" or "other places to which the general public is invited" under California Civil Code §54.1(a)(1).

75.     Defendants are violating the rights of Plaintiffs to full and equal access to common carriers, motor vehicles, places of public accommodation or other places to which the general public is invited under California Civil Code §§54-54.3 by

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    denying Plaintiffs full and equal access to the accommodations, advantages,

2    facilities, and privileges of ASC taxicabs, SBC taxicabs, and LA Taxi taxicabs.

3    76.    Defendants are also violating California Civil Code §§ 54-54.3 in that their

4    actions are a violation of the ADA.  Any violation of the ADA is also a violation of

5    California Civil Code § 54.1.  Cal. Civ. Code § 54.1(d).

6    77.    Defendant RideCharge is also a manufacturer or distributor of touch screen

7    devices used for self-service check-in at a facility providing passenger

8    transportation services under California Civil Code § 54.9.  Defendant RideCharge

9    is in violation of California Civil Code § 54.9 because it fails to offer its

10   touchscreen self-service terminals with the necessary technology for Plaintiffs to

11   privately and independently enter personal information needed to process

12   transactions.

13   78.    The individual named Plaintiffs are entitled to statutory minimum damages

14   for each violation of. Cal. Civ. Code §§ 54-54.3(a).

15   79.    Plaintiffs do not seek relief under California Civil Code § 55.

16   WHEREFORE, Plaintiffs pray for relief as set forth below.

17                          **FOURTH CAUSE OF ACTION**

18                      (Declaratory Relief on behalf of Plaintiffs)

19   80.    Plaintiffs incorporate by reference the foregoing allegations as if set forth

20   fully herein.

21   81.    An actual controversy has arisen and now exists between the parties in that

22   Plaintiffs contend, and are informed and believe that Defendants deny that by

23   providing inaccessible services, privileges, and accommodations at self-service

24   terminals at taxis in California, Defendants fail to comply with applicable laws,

25   including but not limited to Title III of the Americans with Disabilities Act, 42

26   U.S.C. §§ 12181, *et seq.*, California Civil Code §§ 51 - 52, and California Civil

27   Code §§ 54-54.3 and §54.9.

28

82.     A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly. WHEREFORE, Plaintiffs request relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

83.     A permanent injunction to prohibit Defendants and their employees, agents, and any and all other persons acting on Defendants' behalf or under Defendants' control from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, and the Unruh Act, Cal. Civ. Code §§ 51 - 52 due to inaccessible self -service terminals in taxis in California;

84.     A permanent injunction pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, and the Unruh Act, Cal. Civ. Code §§ 51 – 52, requiring Defendants to take the steps necessary to make the services, facilities, privileges, advantages, and accommodations they provide at self-service terminals in taxis in California, including ASC taxicabs, SBC taxicabs and LA Taxi taxicabs, fully accessible to and independently usable by Plaintiffs;

85.     A declaration that Defendants discriminate against Plaintiffs by failing to provide Plaintiffs with full and equal access to the services, facilities, privileges, advantages, and accommodations of the self-service terminals in taxis in California, including ASC taxicabs, SBC taxicabs, and LA Taxi taxicabs, in violation of Title III of the ADA, California Civil Code §§ 54- 54.3 and § 54.9, and California's Unruh Act, California Civil Code §§ 51 – 52.

86.     Damages in an amount to be determined by proof, including all applicable statutory damages pursuant to Cal. Civ. Code § 52(a) or Cal. Civ. Code § 54.3.

87.     An order awarding Plaintiffs reasonable attorneys' fees and costs, as authorized by 42 U.S.C. § 12188, Cal. Civ. Code § 52 and Cal. Civ. Code § 54.3; and

88.     For such other and further relief as the Court deems just and proper.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    DATED:  September 9, 2014          DISABILITY RIGHTS ADVOCATES
2                                       LA BARRE LAW OFFICES
                                        TRE LEGAL PRACTICE
3                                       LAW OFFICES OF ANTHONY
                                        GOLDSMITH
4

5

6

7                                       By: _____
8                                       Michael Nunez
                                        Attorney for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644